UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
Yaakov Just,
Plaintiff,
-against-

C.A. No.: _____________
DEMAND FOR JURY TRIAL

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Trans Union, LLC,
Hyundai Capital America d/b/a Hyundai Motor Finance,
Defendant(s).
----------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Yaakov Just ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Trans Union, LLC ("Trans Union"), and Defendant Hyundai Capital America d/b/a Hyundai Motor Finance ("Hyundai") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of New York in the County of Kings.

5. At all times material hereto, Plaintiff was a “consumer” as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia limited liability company registered to do business in the State of New York and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207.

7. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation with its principal place of business in Costa Mesa, California, and may be served with process upon C T Corporation System, its registered agent for service of process at 28 Liberty Street, New York, New York 10005.

8. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is a Delaware limited liability company with its principal place of business in Chicago, Illinois, and may be served with process upon C T Corporation System, its registered agent for service of process at 28 Liberty Street, New York, New York 10005.

9. Equifax, Experian and Trans Union are referred to collectively herein as the “Bureaus.”

10. At all times material hereto, the Bureaus are each a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

11. At all times material hereto, the Bureaus disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Hyundai is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service in New York c/o National Registered Agents, Inc., 28 Liberty Street, New York, NY 10005.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. This Complaint pertains to a Hyundai motor vehicle lease account with an account number ending in 4528 (the "Account"), which was opened on or about August 10, 2020.

15. The Account is the only Hyundai tradeline appearing on Plaintiff's consumer reports. It is reported by Trans Union under the trade name "Hyundai Finc," by Equifax under the trade name "Hyundai Motor Finance," and by Experian under the trade name "Hyundai Capital America." Each such tradeline refers to the same Account.

16. Plaintiff opened the Account with Hyundai in order to lease a motor vehicle. This was Plaintiff's first automobile lease.

17. Upon the lease term ending, Plaintiff returned the leased vehicle to Hyundai.

18. Plaintiff made his final payment on the Account on or about May 29, 2023.

19. Because this was Plaintiff's first lease, and in order to be certain that nothing further was owed, Plaintiff went out of his way to contact Hyundai directly by telephone after returning the vehicle.

20. During that telephone call, Hyundai confirmed to Plaintiff that the Account had been paid in full and that everything had been taken care of.

21. Hyundai's own records reflected the same. Plaintiff's Hyundai online account portal displayed a balance of $0.00 and reflected that no further payments were required.

22. Plaintiff's June 2023 Hyundai statement likewise reflected a balance of $0.00 due.

23. Plaintiff had relocated to a new address in or about March 2023.

24. At all relevant times, Plaintiff was enrolled in paperless billing with Hyundai and received his billing statements from Hyundai electronically.

25. Because Hyundai had confirmed to Plaintiff verbally, through its online portal, and on his monthly statement that the Account was paid in full, Plaintiff reasonably believed that nothing further was owed and had no reason to update his mailing address with Hyundai.

26. Moreover, because Plaintiff was enrolled in paperless billing, Plaintiff reasonably expected that any further communication concerning the Account would be transmitted to him electronically, and therefore had no reason to update his mailing address with Hyundai in any event.

27. Notwithstanding its repeated representations that the Account was paid in full, and unbeknownst to Plaintiff, Hyundai thereafter assessed an additional charge of $435.00 against the Account, representing a fee for returning a leased vehicle without entering into a new lease.

28. Hyundai did not transmit the bill for this charge to Plaintiff electronically, notwithstanding Plaintiff's enrollment in paperless billing.

29. Instead, Hyundai mailed the bill for this charge to Plaintiff's former address, at which Plaintiff no longer resided.

30. When Plaintiff subsequently asked Hyundai why it had not sent the bill to him electronically given his enrollment in paperless billing, Hyundai responded that a bill of this type is mailed regardless of a consumer's paperless billing election.

31. As a result of Hyundai's conduct, Plaintiff never received the bill and had no knowledge that Hyundai contended any balance remained owing on the Account.

32. Hyundai's own account statement further reflects a payment in the approximate amount of $8,000.00 credited to the Account in or about December 2023. Plaintiff did not make that payment. Upon information and belief, that payment represents the proceeds of Hyundai's sale of the returned vehicle at auction.

33. Accordingly, at the time Hyundai reported Plaintiff as delinquent, Hyundai had already recovered the returned vehicle and had already received the proceeds of its sale.

34. Plaintiff first learned of the $435.00 charge only after it had been assessed, and promptly paid it in full on or about February 12, 2024.

35. Notwithstanding the foregoing, Hyundai furnished information to the Bureaus reporting that Plaintiff was 30 days past due on the Account for January 2024.

36. Each of Equifax, Experian and Trans Union published, and continues to publish, a 30-day late payment on the Account for January 2024 on Plaintiff's consumer reports.

37. The 30-day late payment reported for January 2024 is inaccurate.

38. Plaintiff was never late on the Account.

39. Plaintiff cannot properly be reported as delinquent on an obligation the existence of which Hyundai itself repeatedly and affirmatively denied.

40. In short, Hyundai represented to Plaintiff that the Account was paid in full, and then billed Plaintiff again for a charge that it never delivered to him.

41. It is materially misleading to mark Plaintiff as 30 days past due on the Account.

42. A 30-day late payment notation on a consumer report is a serious derogatory item which has a substantial impact on Plaintiff's perceived creditworthiness.

43. The inaccurate late payment on the Account is the sole derogatory item appearing on Plaintiff's consumer reports, and its impact on Plaintiff's credit standing is therefore magnified.

44. Any delay in payment of the $435.00 charge was the direct result of Hyundai's own poor handling of the Account — including its representations that the Account was paid in full and its failure to deliver the subsequent bill to Plaintiff — and was not attributable to any fault of Plaintiff.

**<u>Plaintiff's Disputes and Defendants' Violations</u>**

45. Prior to retaining counsel, Plaintiff disputed the inaccurate 30-day late payment reporting on the Account with each of Equifax, Experian and Trans Union.

46. Notwithstanding those disputes, the Bureaus continued to report the Account with a 30-day late payment for January 2024.

47. Plaintiff thereafter disputed the Account again with the Bureaus, this time setting forth the factual basis for the dispute in greater detail.

48. With his subsequent disputes, Plaintiff enclosed documentary proof of the inaccuracy, including a screenshot of his Hyundai online account portal reflecting a $0.00 balance and that no further payments were required, and his final Hyundai statement reflecting a $0.00 balance due.

49. Plaintiff's most recent dispute was delivered on or about March 10, 2026.

50. Despite Plaintiff's repeated disputes, and despite the documentary proof supplied with them, Equifax, Experian and Trans Union each continue to report the Account with a status of 30 days past due for January 2024.

51. Upon information and belief, on dates better known to the Bureaus, each of the Bureaus prepared and issued consumer reports concerning the Plaintiff that included the inaccurate and misleading information described herein.

52. The information furnished by Hyundai and published by the Bureaus is inaccurate because the Account is reported with a 30-day late payment for January 2024 when Plaintiff was never late.

53. It is believed and therefore averred that the Bureaus notified Hyundai of Plaintiff's disputes.

54. Upon receipt of notice of Plaintiff's disputes from the Bureaus, Hyundai failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

55. Had Hyundai conducted a reasonable investigation of Plaintiff's disputes, it would have been revealed to Hyundai from its own books and records that it had confirmed to Plaintiff that the Account was paid in full, that its own portal and statements reflected a $0.00 balance, that it had mailed the subsequent bill to a superseded address notwithstanding Plaintiff's enrollment in paperless billing, and that any delayed payment was therefore the result of Hyundai's own poor handling of the Account and not attributable to any fault of Plaintiff.

56. Despite Plaintiff's disputes that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was accurate.

57. Had the Bureaus carried out a reasonable investigation of Plaintiff's disputes, it would have been revealed to each of them that reporting the Account with a 30-day late payment for January 2024 is inaccurate given that Plaintiff was never late.

58. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors.

59. Potential credit grantors reviewed Plaintiff's consumer reports, as evidenced by soft and hard pulls on Plaintiff's consumer reports.

60. The Bureaus violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation, in that each failed to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute.

61. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on Plaintiff's consumer reports in the form of hard and soft pulls.

62. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of a reduced credit score, loss of credit, loss of the ability to purchase and benefit from credit on favorable terms, a chilling effect on applications for future credit, and mental and emotional pain, anguish, humiliation and embarrassment.

## FIRST CAUSE OF ACTION
## (Willful Violation of the FCRA as to Equifax, Experian and Trans Union)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., as against Equifax, Experian and Trans Union.

65. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and credit files that it maintained concerning the Plaintiff.

66. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting a reinvestigation, and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

67. The Bureaus have willfully and recklessly failed to comply with the Act. The failures of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of the information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of the Bureaus, Plaintiff suffered damage by way of a reduced credit score, loss of credit, loss of the ability to purchase and benefit from credit on favorable terms, a chilling effect on future applications for credit, and mental and emotional pain, anguish, humiliation and embarrassment.

69. The conduct, action and inaction of the Bureaus was willful, rendering each of Equifax, Experian and Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

70. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each of the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Yaakov Just, an individual, demands judgment in his favor against Equifax, Experian and Trans Union for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Equifax, Experian and Trans Union)**

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., as against Equifax, Experian and Trans Union.

73. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and credit files that it maintained concerning the Plaintiff.

74. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting a reinvestigation, and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

75. The Bureaus have negligently failed to comply with the Act. The failures of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of the information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

76. As a result of the conduct, action and inaction of the Bureaus, Plaintiff suffered damage by way of a reduced credit score, loss of credit, loss of the ability to purchase and benefit from credit on favorable terms, a chilling effect on future applications for credit, and mental and emotional pain, anguish, humiliation and embarrassment.

77. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages from each of Equifax, Experian and Trans Union under 15 U.S.C. § 1681o.

78. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each of the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff, Yaakov Just, an individual, demands judgment in his favor against Equifax, Experian and Trans Union for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

**THIRD CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Hyundai)**

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

80. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

81. Pursuant to the Act, all persons who furnish information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

82. Pursuant to the Act, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

83. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Hyundai must be reported to all other agencies which were supplied such information.

84. Hyundai violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same; and by failing to correctly report the results of an accurate investigation to the consumer reporting agencies.

85. Hyundai's conduct was aggravated by the fact that Hyundai possessed, within its own books and records, the very information that would have established the inaccuracy of its reporting, including its own confirmation to Plaintiff that the Account was paid in full, its own portal and statement records reflecting a $0.00 balance, and its own record of having

mailed the subsequent bill to a superseded address notwithstanding Plaintiff's enrollment in paperless billing.

86. As a result of the conduct, action and inaction of Hyundai, Plaintiff suffered damage by way of a reduced credit score, loss of credit, loss of the ability to purchase and benefit from credit on favorable terms, a chilling effect on future applications for credit, and mental and emotional pain, anguish, humiliation and embarrassment.

87. The conduct, action and inaction of Hyundai was willful, rendering Hyundai liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Yaakov Just, an individual, demands judgment in his favor against Hyundai for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Hyundai)**

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

91. Pursuant to the Act, all persons who furnish information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

92. Pursuant to the Act, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

93. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Hyundai must be reported to all other agencies which were supplied such information.

94. Hyundai is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

95. After receiving the dispute notices from Equifax, Experian and Trans Union, Hyundai negligently failed to conduct its reinvestigation in good faith.

96. A reasonable investigation would require a furnisher such as Hyundai to consider and evaluate the specific dispute raised by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher, as well as the furnisher's own records.

97. The conduct, action and inaction of Hyundai was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

98. As a result of the conduct, action and inaction of Hyundai, Plaintiff suffered damage by way of a reduced credit score, loss of credit, loss of the ability to purchase and benefit from credit on favorable terms, a chilling effect on future applications for credit, and mental and emotional pain, anguish, humiliation and embarrassment.

99. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff, Yaakov Just, an individual, demands judgment in his favor against Hyundai for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

100. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For injunctive relief directing the deletion of the inaccurate tradeline information from Plaintiff's consumer reports;

e) For attorney's fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2);

f) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: September 10, 2026

Respectfully Submitted,

**Stein Saks, PLLC**

/s/ Joshua Cohen
By: Joshua Cohen
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
jcohen@steinsakslegal.com
*Attorneys for Plaintiff*